**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-22949-RAR**

**MILLICENT HINDS**,

     Plaintiff,

v.

**SUN PHARMACEUTICAL INDUSTRIES, INC.**,

     Defendant.

_____/

## <u>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS</u>

**THIS CAUSE** comes before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint, [ECF No. 10].  On February 17, 2026, Plaintiff Millicent Hinds, proceeding *pro se*, filed this action against Defendant Sun Pharmaceutical Industries, Inc. in Florida state court.  *See* State Court Docket Sheet, [ECF No. 1-5].  In her Complaint, Plaintiff alleges that she suffered serious injuries from taking Defendant's pharmaceutical drug Sulfamethoxazole/Trimethoprim (Bactrim).  *See* State Court Complaint, [ECF No. 1-1].  Plaintiff brings two causes of action against Defendant—violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) and negligent infliction of emotional distress ("NIED").  *See generally id*.

Defendant removed the case to federal court on April 27, 2026, [ECF No. 1], and it was assigned to Magistrate Judge Lisette M. Reid, [ECF No. 2].  On April 29, 2026, Defendant filed a Notice of Pending, Refiled, Related, or Similar Actions identifying a pending case in the United States District Court for the District of New Jersey ("New Jersey Action"), also filed by Plaintiff against Defendant.  [ECF No. 5].

Plaintiff filed the New Jersey Action—*Millicent Hinds v. Sun Pharmaceutical Industries*, No. 3:25-cv-15474 (D.N.J.)—on September 11, 2025, about five months before the instant case. *See id.* Plaintiff's Complaint in the New Jersey Action is also predicated on the same factual allegations as this case, and many paragraphs are identical between the two. *See Hinds v. Sun Pharmaceutical Industries*, 3:25-cv-15474-RK-JTQ (D.N.J.), ECF No. 1 ("N.J. Compl."). However, Plaintiff asserts two different claims in the New Jersey Action: violation of the New Jersey Consumer Fraud Act ("NJCFA") and negligence. *Id.*

On May 4, 2026, Defendant moved to reassign the instant case to a district judge, [ECF No. 9], which Magistrate Judge Reid granted, [ECF No. 11]. Accordingly, the case was reassigned to the undersigned. *See* [ECF No. 12]. The same day, Defendant "move[d] to dismiss this matter as duplicative under the first-filed rule or, alternatively, to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted." [ECF No. 10] at 1. On May 14, 2026, Plaintiff filed a brief Opposition to Defendant's Motion to Dismiss, [ECF No. 13], noting that "Plaintiff filed her complaint in the correct venue and in a timely manner" and "cited claims for relief in filing the complaint." The Court having carefully reviewed the record and being fully advised, Defendant's Motion to Dismiss, [ECF No. 10], is **GRANTED** for the reasons set forth herein.

\*    \*    \*

"Federal courts retain broad powers to prevent duplicative or unnecessary litigation." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see also Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) ("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." (citations omitted)); *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986) ("It is well established 'as

between federal district courts, . . . the general principle is to avoid duplicative litigation.'" (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976))).

"[T]he general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions." *I.A. Durbin, Inc.*, 793 F.2d at 1551 (citations omitted).  The Court finds that the instant case bears all three hallmarks of a duplicative filing when compared to the first-filed New Jersey Action.  *First*, the same Plaintiff, Millicent Hinds, is suing the same Defendant, Sun Pharmaceutical Industries, Inc.

*Second*, Plaintiff raises the same issues.  Both cases arise from her treatment at Cano Health on or about August 31, 2023, where she was prescribed Bactrim and suffered symptoms thereafter. *Compare* Compl. ¶¶ 7–9, *with* N.J. Compl. ¶¶ 5–7.  Both Complaints also point to the same injuries Plaintiff experienced, describing them in identical terms.  *Compare* Compl. ¶¶ 28–29 ("Since using the Defendants' pharmaceutical drug . . . Plaintiff is now unable to care for herself.  The Defendants' pharmaceutical drug . . . has destroyed the Plaintiff's health and life."), *with* N.J. Compl. ¶¶ 25–26 (same).

*Third*, Plaintiff seeks the same relief in both cases.  In the instant case, Plaintiff seeks "entry of judgment against the Defendant, Sun Pharmaceutical Industries, in an amount in excess of Fifty Thousand Dollars . . . [t]hat the Defendant be ordered to pay civil penalties for violations of applicable statutes . . . [and t]hat Defendant be permanently enjoined from engaging in future unfair and deceptive trade practices."  Compl. ¶¶ 61–63.  Plaintiff's New Jersey Complaint includes the same prayers for relief.  *See* N.J. Compl. ¶¶ 42–44.

The key difference between the two Complaints is the different causes of action Plaintiff alleges.  *Compare* Compl. (FDUTPA and NIED), *with* N.J. Compl. (NJCFA and negligence).  But Plaintiff may not "split up [her] demand and prosecute it by piecemeal, or present only a portion

of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit." *Stark v. Starr,* 94 U.S. 477, 485 (1876). "To determine whether such duplicative claim-splitting has occurred, courts borrow from the doctrine of claim preclusion and permit the later-filed suit to be dismissed if it 1) involves the same parties or their privies; and 2) arises out of the same transaction or series of transactions as the first suit." *Greene v. H & R Block E. Enters., Inc.*, 727 F. Supp. 2d 1363, 1367 (S.D. Fla. 2010). As discussed, the instant case involves the *same* parties and arises out of the *same* transaction as the New Jersey Action. As such, Plaintiff's inclusion of different causes of action does not change the fact that the instant case is duplicative of the New Jersey Action.

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss, [ECF No. 10], is **GRANTED**. As such, this case is **DISMISSED** as duplicative. All pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 14th day of May, 2026.

_____

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:     Millicent Hinds
        14910 SW 145th Street
        Miami, FL 33196
        PRO SE